IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARBARA ANDERSON,

                                       Case No.

    Plaintiff,

v.

GE MONEY BANK,
ENCORE RECEIVABLE MANAGEMENT, INC., and
JANE DOE,

                                     **JURY TRIAL DEMANDED**

    Defendants.
_____/

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES
## AND DEMAND FOR JURY TRIAL

### I. Introduction

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. (hereafter "FDCPA"), violations of the Florida Consumer Collection Practices Act, F.S.A. § 559.72 (hereafter "FCCPA"), and breach of contract. These laws prevent debt collectors from *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

### II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(d).

### III. Parties

4. Plaintiff Barbara Anderson, (hereafter "Plaintiff") is an individual who resides in the City of Tampa, County of Hillsborough, State of Florida, and is a "consumer" as that term is

defined by 15 U.S.C. § 1692a(3) and/or a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Defendant GE Money Bank (hereafter "GE"), upon information and belief, is a Utah Corporation, with its principal place of business at 4246 Riverboat Road, Sutie 200, Salt Lake City, Utah 84123.

6. Defendant Encore Receivable Management Inc. (hereafter "Encore") is a Kansas corporation, with its principal place of business at 400 N. Rogers Road, Olathe, Kansas 66062. The principle purpose of Defendant is the collection of debts, using the mails and telephone, and Defendant regularly collects, or attempts to collect, debts alleged to be due to another.

7. Defendant Jane Doe, (hereafter "Jane") is an individual employee and/or agent of Defendant Encore and, based on information and belief, regularly collects, or attempts to collect, debts alleged to be due to another.

### IV. Factual Allegations

8. On or about May 06, 2005, Plaintiff enrolled in Defendant GE's "Account Security Program covering [Plaintiff's] Dillard's American Express Card."

9. Plaintiff enrolled in the Account Security Program upon Defendant GE's representations that the program "cancels your Dillard's American Express Card balance up to $10,000 in the event you experience Involuntary Unemployment."

10. From the time of enrollment, Plaintiff paid the monthly fees necessary for enrollment in the Account Security program.

11. On or about October 21, 2008, Plaintiff became involuntarily unemployed.

12. On or about October 26, 2008, Plaintiff began collecting unemployment compensation benefits.

13. On or about November 7, 2008, Defendant GE confirmed Plaintiff's enrollment in the Account Security Program, as well as its duties and obligations under the Program.

14. Shortly after becoming involuntarily unemployed, Plaintiff filed a Debt Cancellation Request Form with Defendant GE seeking cancellation of her card balance, per the terms of the Account Security Program.

15. Defendant GE advised Plaintiff that she must wait ninety days after becoming involuntarily unemployed for her debt to be cancelled, and that during the ninety-day-period, Plaintiff must continue to pay the minimum monthly payments and the Account Security Program enrollment fee.

16. As advised by Defendant GE, Plaintiff continued paying both the minimum monthly payments and Program enrollment fees during the ninety-day-period.

17. On or about January 15, 2009, Plaintiff renewed her request for debt cancellation and submitted the documentation required by Defendant GE.

18. On or about February 13, 2009, Defendant GE denied Plaintiff's request for debt cancellation, and requested that Plaintiff provide her final two paystubs to verify that Plaintiff was working full-time prior to her involuntary unemployment.

19. Shortly thereafter, Plaintiff provided Defendant GE with the final paystub she received from her former employer displaying payments made for salary and vacation and deductions for insurance benefits. Plaintiff advised Defendant GE that vacation and insurance benefits are only available to full-time employees, and that she was unable to obtain any other paystubs.

20. Shortly thereafter, Plaintiff provided Defendant GE with documentation of unemployment compensation, displaying the benefits that she received were the full amount available, and advised Defendant GE that only if she had been employed full-time could she receive the full amount of unemployment compensation.

21. Despite Plaintiff submitting sufficient documentation to support her request for debt cancellation, Defendant refused to grant Plaintiff's request, and continued to demand additional documents, which Plaintiff previously advised were unavailable.

22. On or about May 29, 2009, Plaintiff received numerous calls at her home from Defendant Jane Doe on behalf of Defendant Encore regarding Plaintiff's account with Defendant GE.

23. On or about June 21, 2009, Plaintiff received a call from Defendant Jane Doe regarding Plaintiff's account. Plaintiff advised Defendant Jane Doe that Plaintiff would not pay the debt as it was uncollectible due to its expected cancellation under the Account Security Program.

24. On or about June 21, 2009, Plaintiff received a second call that day from Defendant Jane Doe regarding Plaintiff's account. Defendant Jane Doe advised Plaintiff to agree to a payment plan with Defendant Encore and/or Defendant GE in order to have use of the credit card.

25. On or about June 21, 2009, Plaintiff received a third call from Defendant Jane Doe regarding Plaintiff's account. All three calls placed to Plaintiff on or about June 21, 2009 occurred within a two-hour period. During each call, Plaintiff explained to Defendant Jane Doe that Plaintiff would not pay the debt as it was uncollectible due to its expected cancellation under the Account Security Program.

26. On or about June 25, 2009, Plaintiff received a call from Defendant Encore and/or Defendant Jane regarding Plaintiff's account. Plaintiff notified Defendant that she would not pay the debt as the debt was uncollectible due to its expected cancellation under Defendant GE's Security Program.

27. On or about June 26, 2009, Plaintiff was notified by Home Depot Credit Services that her Total Credit Line was being reduced as a result of a recent review of her credit report, which showed "serious delinquency and public record or collection filed."

28. The only account which Plaintiff was not making payments to was the account with Defendant GE; Plaintiff's other accounts were either current, or had a cancellation of debt through programs similar to the Defendant GE's Account Security Program.

29. Defendant GE's actions and omissions constitute a breach of its contractual obligations to Plaintiff, causing Plaintiff to suffer actual, incidental, and consequential damages.

30. The false threats and representations of Defendants GE, Encore, and/or Jane Doe were abusive and unfair practices which violate the FCCPA.

31. The numerous and harassing phone calls of Defendants Encore and/or Jane were violative of the FDCPA.

32. Defendants' claims, attempts, and/or threats to enforce a debt when Defendants knew that the debt was not legitimate, and/or Defendants' assertions of the existence of some other legal right when Defendants knew that the right did not exist were violative of the FCCPA.

33. As a result of Defendants' actions and omissions and numerous violations of the FDCPA and FCCPA, Plaintiff incurred actual damages, including feelings of fear, restlessness and sleeplessness, nervousness, and anxiety amongst other negative emotions.

## First Claim for Relief
## Breach of Contract
## Barbara Anderson v. GE Money Bank a/k/a General Electric Co.

34. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 33.

35. By refusing to cancel Plaintiff's debt after Plaintiff became involuntarily unemployed, Defendant GE failed to perform its contractual duties under the agreement between Plaintiff and Defendant GE.

36. As a result of Defendant GE's breach of contractual duties, Plaintiff is entitled to the actual, incidental, and consequential damages which flowed from the breach, as well as a declaratory judgment that Plaintiff's account was not delinquent, as Plaintiff's nonpayment was premised solely on the expectation of debt cancellation under Defendant GE's Account Security Program.

## Second Claim for Relief
## FCCPA Violation
## Barbara Anderson v. GE Money Bank a/k/a General Electric Co.

37. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 33.

38. The foregoing acts and omissions of GE and its agents constitute numerous and several violations of the FCCPA, including, but not limited to F.S.A. § 552.72(9).

39. As a result of the above violations of the FCCPA, the Defendant is liable to the Plaintiff for injunctive and declaratory relief, and for actual damages, statutory damages, and attorney's fees and costs.

40. The actions of Defendant were done with the intent to coerce Plaintiff into paying a consumer debt.

41. As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for injunctive and declaratory relief, and for actual damages, statutory damages, punitive damages, and attorney's fees and costs.

### Third Claim for Relief
### FDCPA Violation
### Barbara Anderson v. Encore Receivable Management, Inc.

42. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 33.

43. The foregoing acts and omissions of John Doe constitute numerous and several violations of the FDCPA, including, but not limited to 15 U.S.C. §§1692d, 1692d(2), 1692(e), 1692e(5), 1692e(7), 1692e(10) and 1692f.

44. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

### Fourth Claim for Relief
### FCCPA Violation
### Barbara Anderson v. Encore Receivable Management, Inc.

45. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 33.

46. The foregoing acts and omissions of Encore and its agents constitute numerous and several violations of the FCCPA, including, but not limited to F.S.A. § 559.72(9).

47. The actions of Defendant were done with the intent to coerce Plaintiff into paying a consumer debt.

48. As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for injunctive and declaratory relief, and for actual damages, statutory damages, punitive damages, and attorney's fees and costs.

**Fifth Claim for Relief**
**FDCPA Violation**
**Barbara Anderson v. Jane Doe**

49. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 33.

50. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

**Sixth Claim for Relief**
**FCCPA Violation**
**Barbara Anderson v. Jane Doe**

51. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 33.

52. The foregoing acts and omissions of Defendant Jane Doe constitute numerous and several violations of the FCCPA, including, but not limited to F.S.A. § 552.72(9).

53. The actions of Defendant were done with the intent to coerce Plaintiff into paying a consumer debt.

54. As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for injunctive and declaratory relief, and for actual damages, statutory damages, punitive damages, and attorney's fees and costs.

WHEREFORE, PLAINTIFF respectfully prays that judgment be entered against DEFENDANTS for the following:

a. Declaratory Judgment that DEFENDANTS' conduct violated the FDCPA and the FCCPA;

b. Actual, incidental, and consequential damages for Defendant GE's breach of contract;

c. Actual damages pursuant to 15 U.S.C. § 1692k and F.S.A § 559.77(2);

d. Statutory damages pursuant to 15 U.S.C. § 1692k and F.S.A. § 559.77(2);

 e. Punitive damages pursuant to F.S.A. § 559.77(2);

 f. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and § 559.77(2); and

 g. For such other and further relief as may be just and proper.

Dated: July 22, 2009         Respectfully submitted,

                s/ G. Donald Golden
                G. DONALD GOLDEN, ESQUIRE
                Florida Bar No. 0137080
                don@brandonlawyer.com
                JAMES W. ELLIOTT, ESQUIRE
                Florida Bar No. 0040961
                james@brandonlawyer.com
                JOSEPH B. BATTAGLIA, ESQUIRE
                Florida Bar No. 0058199
                joe@brandonlawyer.com
                THE GOLDEN LAW GROUP
                213 N Parsons Avenue
                Brandon, Florida   33510
                Telephone:  (813) 413-8700
                Facsimile:   (813) 413-8701
                Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

                s/ G. Donald Golden
                G. Donald Golden, Esquire